**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WILLIAM D. MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-05-0866-HE |
| | ) | |
| JOHN W. COYLE III, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff filed this suit against defendant John Coyle, Esq., who represented his wife in a state criminal proceeding. The plaintiff states in the complaint that his wife entered a guilty plea in the District Court of Oklahoma for assault and battery with a dangerous weapon and domestic abuse. Plaintiff asserts three claims against the defendant: legal malpractice, conspiracy, and obstruction of justice. Plaintiff also demands the release of his wife from the state correction center, a public apology from the defendant, and money damages.[1] The defendant seeks dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6).

Under Fed. R. Civ. P 12(b)(6), "[a] complaint may not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief," Mangels v. Pena, 789 F.2d 836, 837 (10th Cir. 1986) (internal citations omitted). As a pro se plaintiff, McDonald receives the benefit of liberal construction of his pleadings, Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (relying upon Haines v.

---

[1] *Plaintiff sought such relief in a habeas proceeding previously filed in this Court, also dismissed for lack of standing. McDonald v. Houtte, CIV-05-0063-HE.*

Kerner, 404 U.S. 519 (1972)); however, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion on those issues." Id. Considering both parties' arguments, the Court concludes that defendant's motion to dismiss should be **GRANTED**.

Under Oklahoma law, plaintiff does not have a malpractice claim based on the attorney-client relationship between plaintiff's wife and defendant. The attorney-client relationship generally exists only between the attorney and the client. *See* Whitehead v. Rainey, Ross, Rice & Binns, 997 P.2d 177, 179 (Okla. Civ. App. 1999) ("The elements of a professional negligence claim against an attorney are (1) existence of an attorney-client relationship, (2) a breach of a duty arising from the relation, and (3) injury proximately caused by the breach."). Although Oklahoma law permits suits against an attorney by a third party in limited circumstances, *see* Myers v. Lashley, 44 P.3d 553, 561 n.36 (Okla. 2002) (relying upon Bradford Sec. Processing Serv., Inc. v. Plaza Bank & Trust, 653 P.2d 188, 190-92 (Okla. 1982)) ("A lawyer may be liable in a malpractice suit brought by a nonclient."), attorney liability requires a foreseeable injury. Buford White Lumber Co. Profit Sharing and Savings Plan & Trust v. Octagon Properties, Ltd., 740 F. Supp. 1553, 1562 (W.D. Okla. 1989) (holding that the law firm of the corporate general partner had no duty of disclosure to potential investors). Under Bradford, the alleged injury of the plaintiff is insufficient as a matter of law to subject the defendant to liability because the defendant could not have reasonably foreseen any actionable injury to plaintiff. 653 P.2d at 191. A contrary holding would expand an attorney's liability beyond the limits set by the Oklahoma courts.

Plaintiff lacks standing to bring a malpractice or other claim on behalf of his wife.[2] *See* Kowlaski v. Temser, 125 S. Ct. 564, 567 (2004) (A party "must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties." (internal citations omitted)); Doyle v. Okla. Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir. 1993) ("[O]ne does not have standing to assert a violation of rights belonging to another, since the person entitled to a right is the only one who can be directly injured by its deprivation."). "Third-party standing requires not only an injury in fact and a close relation to the third party, but also a hindrance or inability of the third party to pursue his or her own claims." Terrell v. I.N.S., 157 F.3d 806, 809 (10th Cir. 1998). There is nothing in the circumstances alleged to suggest plaintiff's wife is incapable of pursuing any claims that she may have.

Plaintiff is also not entitled to next friend standing. *See* Fed. R. Civ. P. 17(c) ("An infant or incompetent person who does not have a duly appointed representative may sue by a next friend."). Next friend standing is only available when "the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to the court, or other similar disability." Whitmore v. Arkansas, 495 U.S. 149, 165 (1990). Though plaintiff's wife is currently incarcerated, the complaint does not allege she has been denied access to the courts or is otherwise unable to litigate her own case due to mental incapacity or disability. *See* id. (standard for unavailability of the real party in interest); United States v.

---

[2] *The plaintiff also lacks standing with regards to the obstruction of justice and conspiracy claims.*

Cooper, 375 F.3d 1041, 1051 (10th Cir. 2004) ("Prisoners have a fundamental constitutional right to access to the courts."). Under the facts as alleged in the complaint, plaintiff lacks individual, third party, and next friend standing with regards to all claims stemming from defendant's representation of plaintiff's wife.

Accordingly, having determined that the complaint does not state a claim in plaintiff's favor, and that he lacks standing to assert any claim his wife may have, this case is **DISMISSED**. Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED**.

Dated this 8th day of day of September, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE